UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERAL INSURANCE COMPANY, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:14CV1730 HEA |
| GREAT AMERICAN INSURANCE, et al., | ) |
| Defendants. | ) |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Federal Insurance Company's ' Bills of Costs, [Doc. No.'s 102 and 120] and Plaintiff Zurich American Insurance Company's Bill of Costs and Amended Bill of Costs, [Doc. No.'s 101 and 103, respectively]. Great American Insurance Company objects to the Bills of Costs. For the reasons set forth below, the Bills of Costs are granted, as modified herein.

Federal Rule of Civil Procedure 54(d)(1) states that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). "Rule 54 represents a codification of the presumption that the prevailing party is entitled to costs." *Martin v. DaimlerChrysler Corp.,* 251 F.3d 691, 696 (8th Cir.2001) (quotations omitted); *see also Ex Parte Peterson,* 253 U.S. 300, 315-17 (1920) (discussing common law of costs). In other words, "[t]he losing party bears the burden of overcoming the presumption that the prevailing party is entitled to costs...." *168th & Dodge, L.P. v. Rave Reviews Cinemas, LLC,* 501 F.3d 945, 958

(8th Cir.2007). Despite the presumption, exactly which costs will be awarded is a matter left to the discretion of the district court. *Poe v. John Deere Co.,* 695 F.2d 1103, 1108-09 (8th Cir.1982). However, "the district court must provide a rationale for denying the prevailing party's claim for costs." *Thompson v. Wal-Mart Stores, Inc.,* 472 F.3d 515, 517 (8th Cir.2006).

Title 28, United States Code, Section 1920 expressly identifies the expenses a court may tax as costs against a losing party. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 440 (1987). In relevant part, it provides:

A judge ... of any court of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under [§ ] 1923 of this title;
>
> (6) Compensation of court appointed experts....

28 U.S.C. § 1920.

**Fees of the clerk**

Federal has requested $400.00 for clerk fees. This will be allowed.

Zurich has requested $118.00 as fees of the clerk. Defendant Great

American has objected to this request in that Zurich was originally a defendant in this case. Zurich has not produced any documentation of the basis for this request. The Court agrees that since Zurich was originally a defendant, it should not have incurred any filing fee from the clerk. The objection is sustained. The Court will entertain a motion to reconsider this ruling if supported by appropriate documentation.

**Fees for service of summons and subpoena**

Federal's request for $129.00 is allowed.

**Fees for printed or electronically recorded transcripts necessarily obtained for use in the case**

Federal's request for $677.40 is allowed; Great American's objection is overruled.

Zurich has requested $1,906.50 for printed or electronically recorded transcripts. Great American's objection regarding the inclusion of mediation fees is well taken. Zurich has provided no authority for the inclusion of mediation costs in "recorded transcripts obtained for use in the case." As such, $1,505.90 will be disallowed; $400.60 is allowed.

**Fees and disbursements for printing**

Federal requests $1,023.99. Great American has objected because it appears to it that this request is for copying Federal's own documents. Federal responds that copying was necessary because of discovery requests. The objection is overruled. Federal's request is allowed.

Likewise, Great American's objection to Zurich's request for $413.90 for printing is overruled, and the request is allowed.

Accordingly,

**IT IS HEREBY ORDERED** that Federal Insurance Company's Bills of Costs, [Doc. No. 102 and 120] are approved in the amount of $2,230.39.

**IT IS FURTHER ORDERED** that Zurich's Bills of Costs, [Doc. 101 and 103], are approved, less $$1,623.90 for a total allowed amount of $814.50.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Plaintiff Federal Insurance Company and against Defendants in the amount of $2,230.39.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall tax costs in favor of Plaintiff Zurich and against Defendants in the amount of $814.50.

Dated this 29th day of June, 2017.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE